IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     Case No. 1:16cr6
                                  )
DELANTE TURNER,                   )
                                  )
          Defendant.              )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Delante Turner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Dkt. 128].  Turner contends that he received ineffective assistance of counsel due to his attorney's failure to advise him of certain legal arguments before he pled guilty. For the following reasons, the Court will deny Turner's Motion.

**I. Background**

On March 3, 2016, Turner was indicted on charges of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951,  fifteen separate counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 2 and 1951, fifteen separate counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The charges stemmed from a rash of armed robberies of small commercial establishments.

On April 5, 2016, Turner pled guilty to Counts 20 and

32 of the indictment – two counts of using, carrying, and

brandishing a firearm during and in relation to a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2.  On

July 7, 2016, the Court sentenced Turner to 84 months of

incarceration on Count 20 and 300 months of incarceration on

Count 32 to run consecutively.  Turner filed the instant 28

U.S.C. § 2255 Petition on December 28, 2016, claiming that he

received ineffective assistance of counsel.

## II. Legal Standard

Under 28 U.S.C. § 2255, a prisoner in federal custody

may collaterally attack his sentence on four grounds: (1) the

sentence was imposed in violation of the Constitution or the

laws of the United States; (2) the court was without

jurisdiction to impose the sentence; (3) the sentence was in

excess of the maximum authorized by law; or (4) the sentence is

otherwise subject to collateral attack.  *See Hill v. United

States*, 368 U.S. 424, 426–27 (1962).  The petitioner bears the

burden of proof, which must be established by a preponderance of

the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th

Cir. 1958).

A petitioner who asserts ineffective assistance of

counsel must meet a two-pronged test to succeed.  He or she must

show that: (1) the performance of counsel fell below an

objective standard of reasonableness, based upon prevailing

professional norms; and (2) as a result, there was prejudice to

the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88

(1984). To satisfy the performance prong, the petitioner must

demonstrate that the errors were "so serious that counsel was

not functioning as the 'counsel' guaranteed by the Sixth

Amendment." *Id.* at 687. To satisfy the prejudice prong, the

petitioner must demonstrate that "there is a reasonable

probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* at

694. When a petitioner alleges ineffective assistance related

to the entry of a guilty plea, the district court applies a

slightly modified prejudice standard, requiring the petitioner

to demonstrate that "there is a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Hill v. Lockhart,* 474 U.S.

52, 59 (1985).

### III. Analysis

As an initial matter, much of the Petition under

review eschews any mention of ineffective assistance of counsel

and instead argues directly that Turner's conviction was legally

deficient. To the extent Turner makes these arguments directly,

his claims are foreclosed by his unconditional guilty plea.

"When a defendant pleads guilty, he waives all nonjurisdictional

defects in the proceedings conducted prior to entry of the

plea." *United States v. Bundy*, 392 F.3d 641, 644 (4th

Cir.2004); *see also United States v. Martinez-Martinez*, 69 F.3d

1215, 1224 (1st Cir. 1995) ("a valid guilty plea waives all

challenges to the factual and legal foundations of the

charges").  Turner chose not to contest the charges brought

against him and waived his right to appeal his conviction.  The

law is clear that Turner may not now directly challenge the

constitutionality of the charges to which he pled guilty.  *See,*

*e.g.*, *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir.

2010), *as amended* (Feb. 9, 2010).  This rule applies fully to

the arguments Turner raises here.  *See United States v. Wheeler*,

857 F.3d 742, 744 (7th Cir. 2017); *Davila v. United States*, 843

F.3d 729, 731–32 (7th Cir. 2016).

Turner's guilty plea, however, does not foreclose a

collateral attack on the "voluntary and intelligent nature of

the guilty plea, through proof that the advice received from

counsel was not 'within the range of competence demanded of

attorneys in criminal cases.'" *Blackledge v. Perry*, 417 U.S.

21, 30 (1974) (quoting *McMann v. Richardson*, 397 U.S. 759, 771

(1970)).  The Court therefore proceeds to assess whether

Turner's counsel provided ineffective assistance in failing to

advise Turner of certain legal arguments he believes should have

been made in his case.[1]

By way of background, 18 U.S.C. § 924(c)(1)(A) – the

statute under which Turner pled guilty – makes it a criminal

offense to use or carry a firearm "during and in relation to any

crime of violence."  An offense may qualify as a "crime of

violence" under § 924(c)(1)(A) pursuant to either (1) the

elements clause of § 924(c)(3)(A) because it "has as an element

the use, attempted use, or threatened use of physical force

against the person or property of another," or (2) the residual

clause of § 924(c)(3)(B) because "by its nature, [the crime]

involves a substantial risk that physical force against the

person or property of another may be used in the course of

committing the offense."

Here, Turner's predicate "crime of violence" was Hobbs

Act robbery in violation of 18 U.S.C. § 1951.  This statute

---

[1]      The government contends that Turner's claim is
procedurally defaulted because he did not move to withdraw his
plea or challenge the voluntariness and intelligence of his plea
on direct review.  The Supreme Court, however, has held that "an
ineffective-assistance-of-counsel claim may be brought in a
collateral proceeding under § 2255" even if not raised on direct
appeal, "whether or not the petitioner could have raised the
claim on direct appeal." *Massaro v. United States*, 538 U.S. 500,
504 (2003).  "Claims of ineffective assistance of counsel
generally are not cognizable on direct appeal unless the record
conclusively establishes counsel's" defective performance and
the resulting prejudice, so "[t]o allow for adequate development
of the record, ineffective assistance claims should be pursued
in a motion filed pursuant to 28 U.S.C.A. § 2255." *United
States v. Patterson*, 442 F. App'x 817, 819 (4th Cir. 2011).

provides, in relevant part, that "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."  18 U.S.C. § 1951(a).[2]

Turner argues that his attorney rendered ineffective assistance by failing to inform him that (1) Hobbs Act robbery is not a "crime of violence" that can serve as a predicate offense under the elements clause of 18 U.S.C. § 924(c)(3)(A), and (2) Turner's convictions cannot be sustained under § 924(c)(3)(B), the statute's residual clause, because that clause is unconstitutionally vague in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In determining whether the failure of Turner's attorney to raise these arguments amounted to ineffective

---

[2] To the extent Turner claims that the predicate offense of his § 924(c) conviction was mere *conspiracy* to commit Hobbs Act robbery, he is simply mistaken.  Turner pled guilty to Counts 20 and 32 of the Superseding Indictment [Dkt. 40].  *See* Judgment [Dkt. 114].  These Counts refer in turn to Counts 4 and 16 of the Superseding Indictment, which are two substantive counts of Hobbs Act robbery.  Turner's arguments that rest on this faulty premise fail.

assistance of counsel, the Court must assess whether the advice rendered by Turner's attorney fell shy of "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. The issue is not necessarily whether Turner's attorney was "right or wrong" in declining to raise the arguments Turner cites, but whether the attorney's failure to apprise Turner of those arguments constituted conduct falling outside "the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 770–71. This is a high bar: "[j]udicial scrutiny of counsel's performance must be highly deferential," and there exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Turner's claims fail to meet this demanding standard. Turner argues that his attorney should have called the Supreme Court's then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) to his attention before he pled guilty. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2563. The residual clause the Supreme Court deemed unconstitutional in *Johnson* is similar to the residual clause found in 18 U.S.C. § 924(c)(3)(B), and this similarity has prompted constitutional challenges to § 924(c)(3)(B) that have met with some success.

*See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016)

("Subsection (B) is virtually indistinguishable from the clause

in *Johnson* that was found to be unconstitutionally vague . . .

Accordingly, we hold that the residual clause in 18 U.S.C. §

924(c)(3)(B) is also unconstitutionally vague.").  Turner

contends that, by failing to inform him of the potential

constitutional infirmity of § 924(c)(3)(B) before he pled

guilty, his attorney deprived him of the opportunity to make an

informed decision.

The problem with this argument is that it assumes a

constitutional defect in the residual clause of § 924(c)(3)(B)

would necessarily bear on Turner's conviction.  That, however,

is not the case.  As discussed above, there are two ways in

which an offense may qualify as a "crime of violence" under

§ 924(c)(1)(A).  The offense may qualify under the elements

clause of § 924(c)(3)(A), or it may fall within the ambit of the

allegedly unconstitutional residual clause of § 924(c)(3)(B).

Courts have widely held that Hobbs Act robbery qualifies as a

"crime of violence" under the elements clause, without resort to

the residual clause that Turner claims is invalid after *Johnson.*

*See, e.g.*, *United States v. Crawford*, No. 3:15-CR-070 JD, 2016

WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) (listing cases to

illustrate that "since *Johnson* was decided in June 2015, over a

dozen district courts have considered this question, and those

courts have unanimously held that Hobbs Act robbery is a crime of violence under the [elements] clause"). Indeed, this Court has considered the question numerous times and "consistently found that Hobbs Act robbery is a 'crime of violence' under the [elements] clause" of § 924(c)(3)(A). *Brown v. United States*, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016); *see also id.* (listing cases); *United States v. McDaniels*, 147 F. Supp. 3d 427, 434 (E.D. Va. 2015) (holding that "Hobbs Act robbery clearly qualifies as crime of violence under . . . § 924(c)(3)(A)" as is confirmed by "[a]mple case law").

While Turner argues at length that Hobbs Act robbery cannot qualify as a crime of violence under the elements clause of § 924(c)(3)(A), and so his conviction could only be sustained under the allegedly unconstitutional "residual clause" of § 924(c)(3)(B), this argument runs counter to the great weight of authority. Indeed, Turner cites no case holding that Hobbs Act robbery fails to qualify as a crime of violence under § 924(c)(3)(A). The Court is not aware of any court to have reached such a conclusion at the time Turner pled guilty. Rather, at the time, Courts – including this Court – overwhelmingly rejected Turner's arguments.

This is enough to resolve the matter. As discussed above, Turner must show that it was unreasonable "under prevailing professional norms" for his attorney to fail to bring

the arguments discussed above to his attention.  *Strickland*, 466

U.S. at 688.  This standard is met where, for example, a

defendant pleads guilty after his attorney incorrectly advises

him that an extant and obviously valid affirmative defense is

not available.  *See United States v. Mooney*, 497 F.3d 397, 404

(4th Cir. 2007).  That, however, is not what happened here.

Turner's attorney did not render incorrect advice based on the

law as it was then.  Rather, Turner's attorney is guilty of, at

most, failing to predict a potential change in the law based on

recent precedent.  While the law "demand[s] that [defense

attorneys] . . . apprise themselves of the applicable law and

provide their clients with a reasonably accurate description of

it," it does not require or "expect criminal defense lawyers to

be seers[.]"  *Ostrander v. Green*, 46 F.3d 347, 355 (4th Cir.

1995), *overruled on other grounds by O'Dell v. Netherland*, 95

F.3d 1214 (4th Cir. 1996).  A simple lack of creativity does not

fall outside the "range of competence demanded of attorneys in

criminal cases."  *McMann*, 397 U.S. at 771.  And while the Court

is not aware of controlling authority that would have squarely

foreclosed the arguments Turner cites, that is not enough by

itself to render his attorney's performance constitutionally

deficient given the mountain of contrary persuasive authority.

     As Turner points out, the law may soon change.  The

Supreme Court has before it a case, *Sessions v. Dimaya*, No. 15–

1498 (argued Jan. 17, 2017), concerning the constitutionality of

a residual clause with language virtually identical to

§ 924(c)(3)(B).  In light of that case, the Fourth Circuit has

held cases raising claims much like Turner's in abeyance pending

the Supreme Court's decision.  *See, e.g.*, Court Order [Dkt. 82],

US v. Ali, No. 15-4433 (4th Cir. Oct. 4, 2016).  This potential

change in the law *now*, however, does not render the earlier

performance of Turner's counsel inadequate.  "A fair assessment

of attorney performance requires that every effort be made to

eliminate the distorting effects of hindsight, to reconstruct

the circumstances of counsel's challenged conduct, and to

evaluate the conduct from counsel's perspective *at the time*."

*Strickland*, 466 U.S. at 689 (emphasis added).  "[A]n attorney's

failure to anticipate a new rule of law" does not render their

performance "constitutionally deficient".  *United States v.*

*McNamara*, 74 F.3d 514, 516 (4th Cir. 1996).

        In light of the above, Turner's ineffective assistance

of counsel claims fail.  Because the Court finds that the

performance of Turner's counsel was not constitutionally

deficient, the Court "need not reach" the prejudice prong of the

*Strickland*  test.  *See id.* at 516 n.3.

## IV. Conclusion

For the foregoing reasons, the Court will deny Turner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 [Dkt. 128].  An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| August 8, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |